IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM G. WESCH and KAREN WESCH, | No. C 11-06680 SI |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS IN PART AND REMANDING ACTION TO STATE COURT** |
| v. | |
| BANK OF AMERICA, *et al.*, | |
| Defendants. | |

Before the Court are defendants' motions to dismiss and plaintiffs' motion to remand. Pursuant to Civil Local Rule 7-1(b), the Court determines the matters are appropriate for submission without oral argument and hereby VACATES the hearing. The Court GRANTS defendants' motions to dismiss as to plaintiffs' claim under the Truth In Lending Act ("TILA"), 15 U.S.C. Section 1601, *et seq.*, and REMANDS the case to state court.

**BACKGROUND**

On November 22, 2011, plaintiffs filed a complaint in state court alleging eight state law causes of action and one federal law cause of action arising out of credit transactions pertaining to four residential properties which plaintiffs refer to as the Napa-Filbert, Michael, Donald and Hawaii Properties (collectively "the four properties"). Pls.' Compl. ¶ 6, Doc. No. 1, Ex. 1. Plaintiffs assert claims against the following defendants: Bank of America, N.A. ("BoA"); Countrywide Home Loans, Inc. ("Countrywide"); Kevin O'Neill ("O'Neill"), a California loan officer and licensed real estate salesperson; Select Portfolio Servicing, Inc. ("SPS"), and Mortgage Electronic Registration Systems,

Inc. ("MERS").[1]

The sole federal cause of action in the complaint asserts TILA violations against Countrywide, BoA and SPS. Compl. ¶¶ 66-74. Plaintiffs allege that in various loan, loan refinancing and loan modification transactions between plaintiffs and Countrywide, Countrywide failed to make certain material disclosures as required by TILA. Compl. ¶¶ 69, 71. Plaintiffs' TILA claims against BoA and SPS appear to be based on BoA's purchase of Countrywide, and BoA's alleged sale of the Napa-Filbert loan to SPS. Compl. ¶¶ 11, 23.D. As a remedy for the TILA violations, plaintiffs seek rescission of the loans and money damages. *See* Compl. ¶¶ 71-73.

On January 20, 2012, BoA, Countrywide, and O'Neill filed a motion to dismiss, Doc. No. 15, and SPS and MERS filed a separate motion to dismiss, Doc. No. 19. On February 7, 2012, both sets of defendants filed "reply" briefs noting plaintiffs' failure to oppose within 14 days of defendants' filing in violation of Local Rule 7-3(a). Doc. Nos. 30, 32. Plaintiffs filed an opposition brief on February 13, 2012. The opposition, however, merely states the legal standard for a motion to dismiss, but does not address defendants' arguments for dismissal, or suggest any facts which could be alleged in order to state a claim. Doc. No. 38.

On January 20, 2012, plaintiffs filed a motion for remand. Doc. No. 17. Both sets of defendants filed motions opposing remand on federal-question grounds. Doc. Nos. 26, 27.[2]

**LEGAL STANDARD**

**1. Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v.*

---

[1] The Complaint also names First Guarantee Financial Corporation as a defendant, *see* Compl. ¶ 12, but does not specifically allege any claims against that company.

[2] Plaintiffs also request attorneys fees and costs for the remand motion. Doc. No. 17 at 8:24–9:22. Defendants oppose. *See* Doc. No. 26 at 5:11-26; Doc. No. 27 at 5:5-17.

*Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the court must assume the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true allegations that call for "unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## 2. Motion to Remand

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The bases for federal subject-matter jurisdiction are: (1) federal question jurisdiction, 28 U.S.C. § 1331, and (2) diversity of citizenship jurisdiction, 28 U.S.C. § 1332. The removal statute is strictly construed against removal jurisdiction, and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who

invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921)). When ruling on a motion to remand, the court generally looks to the complaint. *See Miller v. Grgurich*, 763 F.2d 372 (9th Cir. 1985). Supplemental jurisdiction exists over state law claims arising from the same case or controversy as a claim based on federal law. 28 U.S.C.A. § 1367(a).

## DISCUSSION

### 1. Plaintiff's TILA Claim is Time-Barred

Defendants argue that plaintiffs' TILA claims are time-barred. TILA ensures that creditors disclose material information to consumers about the terms of credit transactions and requires disclosure at the time the credit contract is executed. *See Meyer v. Ameriquest Mortg. Co.*, 406 F.3d 899, 902 (9th Cir. 2003); 15 U.S.C. § 1601(a).

#### A. Right to Rescind

TILA provides a right to rescind consumer loans that are "secured by the borrower's principal dwelling . . . if the lender fails to deliver certain forms or disclose important terms accurately." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635). The consumer's right to rescind extinguishes at the end of the three-year period following the consummation of the loan, and the right is not subject to equitable tolling. *Id.* at 411-12; 15 U.S.C. § 1635(f).

Here the loan transactions at issue all originated by the end of 2006, and are therefore time-barred: the Donald Property loan was last refinanced during or before 2005, Compl. ¶ 20.C.; the Hawaii Property loan was consummated on or about November 27, 2006, Compl. ¶ 21 A.; the Michael Drive Property loan was refinanced on or about July 2005, Compl. ¶ 22.A.; and the Napa-Filbert Property

4

loan was refinanced on or about June 2005, Compl. ¶ 23.A.[3] Because none of the alleged transactions took place within three years of the filing of plaintiffs' complaint, plaintiffs' rescission claim is time-barred as a matter of law. *See* Compl. ¶¶ 20-23; *Beach*, 523 U.S. at 411-12.

### B. Damages Action

TILA provides a cause of action for monetary damages, but the action must be brought within one year from the date of the consummation of the loan. *King v. California*, 784 F.2d 910, 913-15 (9th Cir. 1986); 15 U.S.C. § 1640(e). Here, plaintiffs' loans were all consummated by the end of 2006. Compl. ¶¶ 20.C., 20.F., 21.A., 21.H., 22, 23.A. Therefore, plaintiffs' damages claims are time-barred unless they qualify for equitable tolling.

The doctrine of equitable tolling suspends the limitations period for the duration of the time the borrower did not have a reasonable opportunity to discover the alleged fraud or nondisclosures. *King*, 784 F.2d at 915. To establish a claim for equitable tolling at the pleading stage, plaintiff must allege facts demonstrating that the alleged violations could not have been discovered by due diligence during the one-year statutory period. *See Meyer*, 342 F.3d at 902. Conclusory allegations that a lender concealed or purposefully hid facts surrounding a mortgage are insufficient to make a claim for equitable tolling at this stage. *See Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (denying equitable tolling at the motion to dismiss stage where plaintiff failed to allege facts to show how the lender concealed the terms of the mortgage loan).

Plaintiffs complain generally about the fact that the loans were adjustable-rate mortgages (ARMs) and after their initial interest rates reset, they needed to modify their monthly mortgage payments. Plaintiffs' only allegations regarding their eligibility for equitable tolling are that they were "unaware of Defendants' violations of TILA and Regulation Z as a result of inadequate, inaccurate,

---

[3] Plaintiffs allege they received loan modifications relating to plaintiffs' Hawaii Property and Donald Property in December 2008 and May 2009 respectively. Compl. ¶¶ 20.F., 21. H. However, plaintiffs offer no argument or support for an argument that the loan modifications are originations covered by TILA.

5

inconsistent, confusing and misleading documentation and information provided at the time of the closings," Compl. ¶ 74, and that the violations of TILA were "collectively the result of a fraudulent scheme by Defendant [sic] to conceal its [sic] violations of law from Plaintiffs." *Id.*; *see also* Compl. ¶¶ 39-41. Without anything more, these allegations are conclusory and insufficient.

Further, plaintiffs' own pleadings and the relevant loan documents, of which this Court grants judicial notice,[4] demonstrate that plaintiffs learned of the terms of their loans – in particular that the loans were adjustable-rate mortgages (ARMs) subject to resetting at different interest rates – no later than May 2009, and were therefore barred from bringing all such claims as of May 2010.

As to the Donald Property, plaintiffs admit they were notified on November 29, 2008 that the interest rate on their ARM would be reset as of May 1, 2009. ¶ 20.D. Therefore, the one-year time limit on any TILA damage claim related to a failure to disclose material terms of the loan began to run no later than May 2009, and such a claim was time-barred as of May 2010.

With respect to the Hawaii Property, plaintiffs admit they were notified on or before December 2008 that the interest rate on their ARM had been increased. Therefore, any TILA damage claim was time-barred as of December 2009. Compl. ¶ 21.H.

Regarding the Michael Drive Property, plaintiffs do not allege when they learned that they had an ARM loan or that the interest rate would reset on this July 2005 loan. Compl. ¶ 22.A. However, the deed of trust and ARM rider dated July 15, 2005, establish that the ARM interest rate could change monthly as of September 2005 and monthly payments could change as of September 2006. RJN, Doc. No. 20-3, Ex. I. Therefore, any TILA claim is time-time barred as of September 2007. *See* Compl. ¶ 22.

Similarly, as to the Napa-Filbert Property, plaintiffs do not allege when they learned the interest

---

[4] Defendants request the Court take judicial notice of loan documents regarding the properties at issue pursuant to Federal Rule of Evidence 201. Defs.' Request for Judicial Notice (RJN) at 3:15-16, Doc. No.20; Defs.' RJN at 1:21-25, Doc. No. 16. The Court takes judicial notice of the deeds of trust because they are public records (filed with various county offices) and thus "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." F.R.E. § 201(b)(2).

rate was adjustable or would reset on their June 2005 loan. *See* Compl. ¶ 23. However, a deed of trust was secured by a mortgage note dated September 21, 2006 with an ARM rider showing that the interest rate could change monthly as of November 2006 and the monthly payment could change as of November 2007. RJN, Doc. No. 16-3, Ex. C at ¶ 28-29. Therefore, any TILA damage claim is time-barred as of November 2008.

The Court therefore DISMISSES plaintiffs' TILA claims without leave to amend, because they are time barred as a matter of law.

### 2. Plaintiffs' State Law Causes of Action

The complaint was properly removed under federal-question jurisdiction because plaintiffs expressly plead that defendants violated TILA. *See* Pls.' Compl. ¶¶ 66-74. However, as the Court has dismissed that claim, which provided the only basis for its jurisdiction, and in accordance with plaintiffs' desire to litigate their claims in state court, this Court will not exercise supplemental jurisdiction over the remaining state law claims and REMANDS the case to state court.[5]

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions in part and DISMISSES plaintiffs' claims under the Truth In Lending Act ("TILA"), 15 U.S.C. Section 1639, *et seq.* The Court REMANDS the remaining state law claims to state court.

**IT IS SO ORDERED.**

Dated: March 1, 2012

SUSAN ILLSTON
United States District Judge

---

[5] While the Court is remanding this case, which is what the plaintiffs sought, it is only because of the dismissal of the TILA claim. Plaintiffs' arguments in support of remand, i.e. the Court had no federal question jurisdiction over a TILA claim which the plaintiffs plainly allege in their complaint, are without merit. Therefore, the Court denies plaintiffs request for fees and costs.